## SUCESION DE ABARCA, Libellants,

*v.*

## THE SCHOONER MYSTERY, Her Tackles, etc., Libellee.

---

San Juan, Admiralty, No. 1545.

ADMIRALTY.

Admiralty—Materials Supplied—Name of Boat Immaterial.

1. The omission of the name of a schooner which has been libelled in an admiralty proceeding from bills by merchants for supplies does not deprive the creditor of payment, provided it appears by the evidence that such supplies included mechanical parts ordered by the captain of the schooner and were actually used as a part of the auxiliary motor of the schooner.

NOTE.—On general principles as to what contracts will support maritime lien, see note.in 70 L.R.A. 353.

Sucesion de Abarca v. The Schooner "Mystery."

Admiralty— Distinguishing What on Credit of Vessel—Lien.

2. If the court can distinguish in a bill for supplies filed in an admiralty proceeding the items, which represent credit given to the schooner itself from the items for which credit was given to a person, firm, or individual operating the schooner, such separation should be made and the amount properly chargeable to the schooner itself should be allowed as a preferred claim.

Opinion filed May 24, 1922.

*Mr. H. G. Molina* for plaintiff.

*Mr. Nelson Gammans* for claimant.

ODLIN, Judge, delivered the following opinion:

It is conceded that the Schooner Mystery was owned by various parties and that it was operated by a corporation known as The Antilles Trading Company, under an agreement which appears to have been not in writing, but satisfactory to the owners of the schooner and to the operating corporation.

The Antilles Trading Company for a considerable time appeared to be entirely solvent and had excellent credit, but along in the year 1921 it began to lose money, resulting in a bankruptcy proceeding, which is now pending in this court. Following the bankruptcy proceedings, and as a result thereof, there have been filed three intervening petitions, in the nature of libels; one by the partnership doing business under the firm name and style of Sucesores de Abarca; another intervening libel by the Plaza Provision Company, a corporation doing business at San Juan, Porto Rico; and a third intervening libel by the firm of Antonio

Lugo and Isidro de Lugo, partners doing business under the firm name and style of A. Lugo & Company, doing business at Saint Thomas, in one of the Virgin islands.

This Schooner Mystery, for a considerable period of time, was operating between the port of San Juan and the port of Saint Thomas.

Numerous difficult questions have arisen and have been very ably argued by counsel as to whether or not all of the claims of these intervening libellants should be allowed. The court has carefully considered the same and has reached the following conclusions:

First: With respect to the claim of Sucs. de Abarca. The claim of this concern is for $537.32 and it is claimed that this amount represents materials and work, labor or services rendered directly for the benefit of the schooner and that they were necessary for the schooner. It is urged by counsel for the owner of the schooner that no part of this claim should be allowed because the credit was given to The Antilles Trading Company and not to the schooner itself. And it is a fact that all, or nearly all, of the bills presented by this concern were made out to the Antilles Trading Company and that there is ever rarely any mention of the schooner itself in connection with these bills. It does appear however, from the testimony of a man by the name of Joseph Marks, that certain of the items included in the claim of Sucs. de Abarca were for mechanical parts, which were not only ordered directly by the captain of the schooner, but which were actually used as a part of the operating machinery of the schooner, which did not sail by means of the wind alone, but was supplied with an auxiliary motor. These various items of machinery, it seems to the court, should

Sucesion de Abarca v. The Schooner "Mystery."

be deemed a preferred claim, and the price thereof, which is in dispute, amounted to $333.93. The court, therefore, allows the claim of Sucs. de Abarca to the said amount of $333.93 and the court disallows the remainder of said claim.

Second: We come now to the intervening libel of the Plaza Provision Company. There has been submitted to the court much testimony as to whether the Plaza Provision Company gave credit to The Antilles Trading Company or gave credit to the Schooner Mystery itself. The court has carefully considered this testimony and is of the opinion that the Plaza Provision Company extended its credit to the Schooner Mystery and furnished supplies for said Schooner, amounting in all to $984.37. That the amount of $300 was paid in the month of July, 1921, leaving the unpaid portion of the account $684.37, and this last-mentioned amount, the court now allows as a preferred claim.

Third: The remaining claim is that of A. Lugo & Company. The court is of the opinion that in this case the dealings between A. Lugo & Company were entirely with the Antilles Trading Company itself and that A. Lugo & Company never extended credit to the Schooner Mystery. For this reason the court is obliged to reject the claim of A. Lugo & Company and the intervening libel filed by A. Lugo & Company is now ordered dismissed.

It is so ordered.